Lara T. Kollios (State Bar No. 235395)
lkollios@jonesday.com
Chantelle C. Egan (State Bar No. 257938)
cegan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Hugh R. Whiting (admitted *pro hac vice*)
hrwhiting@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212

Attorneys for Defendant
THE PROCTER & GAMBLE CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISH M. SMITH, as an individual, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE CO., a Ohio corporation doing business as CREST,<br><br>Defendant. | **Case No. 3:12-cv-00557-EDL**<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR STAY** |

Pursuant to Civil Local Rule 6-1(a), Plaintiff Cherish M. Smith, individually and on behalf of a purported class ("Plaintiffs") and Defendant The Procter & Gamble Company ("Defendant") (jointly referred to herein as the "Parties"), through their duly authorized undersigned counsel, stipulate and request as follows:

WHEREAS, currently, there are four separate lawsuits (including the above-captioned matter) now pending in four different federal district courts, all filed within about three months,

and all asserting similar claims based on allegations about marketing Crest Sensitivity Treatment & Protection toothpaste ("Crest STP") – the other three cases are:

- *Rossi v. The Procter and Gamble Company*, D.N.J., Case No. 2:11-cv-07238-JLL-MAH ("*Rossi*")
- *Gilbert v. The Procter & Gamble Company*, S.D. Ohio, Case No. 1:12-cv-00040-TSB ("*Gilbert*")
- *Immerman v. The Procter & Gamble Company*, N.D. Ohio, Case No. 1:12-cv-00068 ("*Immerman*");

WHEREAS, these cases all seek class certification and allege misleading marketing practices related to Crest STP;

WHEREAS, there are some substantive differences among the claims, they involve the same core group of allegations;

WHEREAS, *Rossi* seeks certification of both a nationwide and a New Jersey-only class, *Gilbert* seeks certification of an Ohio-only class, *Immerman* seeks certification of both a nationwide and an Ohio-only class, and here, Plaintiffs seek certification of California-only class;

WHEREAS, on February 7, 2012, *Gilbert* filed a motion with the JPML to transfer all of these actions to the Southern District of Ohio pursuant to 28 U.S.C. § 1407. (MDL No. 2348, Docket No. 1.), Plaintiff in this case filed a response on February 8 in support of consolidation and transfer seeking transfer to the Northern District of California, *Immerman* filed a response on February 28 with the JPML opposing the motion for transfer while arguing for transfer to the Northern District of Ohio if the JPML were to grant the transfer motion (MDL No. 2348, Docket No. 16.), *Rossi* filed a response with the JPML on February 28 supporting the motion for transfer and seeking transfer to the District of New Jersey, and on March 13, 2012, Defendant filed a response in support of transfer of all of these actions to the Southern District of Ohio (MDL No. 2348, Docket No. 18);

WHEREAS, the Parties believe that staying this case until the JPML's ruling on the transfer motion will avoid conflicts, conserve resources, and will otherwise promote efficient determination of the actions. An example of the need for transfer to avoid conflicting rulings on

key questions and to conserve judicial resources, is the motions to dismiss for lack of subject-matter jurisdiction which Defendant has filed in all four cases. These motions raise similar issues of fact and law, they should be reviewed and decided consistently and efficiently, and they should not be the subject of four separate judicial considerations and potentially conflicting rulings;

WHEREAS, three of the four courts have already entered case management schedules which conflict with one another and will cause unnecessary duplication and confusion if each case proceeds independently;

WHEREAS, the parties have entered stipulations to stay proceedings in the *Gilbert* and *Immerman* cases.

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that the case be stayed until further notice, including a stay of the May 22, 2012 Case Management Conference and all related pretrial matters until the pending request before the Judicial Panel on Multidistrict Litigation ("JPML")—in a case that is substantially similar or identical to this case—can be decided.

**IT IS SO STIPULATED.**

Dated: April 6, 2012　　　　　　　　　　/s/ Benjamin M. Lopatin
　　　　　　　　　　　　　　　　　　　　Benjamin M. Lopatin (State Bar No. 281730)
　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF HOWARD W.
　　　　　　　　　　　　　　　　　　　　RUBINSTEIN, P.A.
　　　　　　　　　　　　　　　　　　　　One Embarcadero Center, Suite 500
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　Telephone (888) 560-4480, ext. 2
　　　　　　　　　　　　　　　　　　　　Facsimile (415) 692-6607

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff Cherish M. Smith,*
　　　　　　　　　　　　　　　　　　　　*Individually and on behalf all others similarly*
　　　　　　　　　　　　　　　　　　　　*situated*

///

///

///

| | |
|---|---|
| 1   Dated: April 6, 2012 | /s/ Lara T. Kollios |
| | Lara T. Kollios (State Bar No. 235395) |
| 2 | lkollios@jonesday.com |
| | JONES DAY |
| 3 | 555 California Street, 26th Floor |
| | San Francisco, CA 94105 |
| 4 | Telephone: (415) 626-3939 |
| | Facsimile: (415) 875-5700 |

Hugh R. Whiting (admitted *pro hac vice*)
hrwhiting@jonesday.com
Ohio Bar No. 0015067
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for Defendant*
*The Procter & Gamble Company*

**IT IS SO ORDERED.**

Dated: April 10, 2012, 2012

_____
Magistrate Judge Elizabeth D. Laporte

Dated: April __, 2012

Respectfully submitted,

Jones Day

By: _____
    Lara Kollios

Counsel for Defendant

- 4 -

JOINT STIPULATION AND [PROPOSED]
ORDER FOR STAY

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Lara Kollios, attest that I obtained the concurrence of Benjamin M. Lopatin in the filing of this document.  I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed this 6th day of April, 2012, in San Francisco, California.

Dated: April 6, 2012

JONES DAY,

By: /s/ Lara Kollios
    Lara Kollios

Attorneys for Defendant
THE PROCTER & GAMBLE CO.