IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISH M SMITH, | No. C -12-00557 EDL |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| THE PROCTER AND GAMBLE CO., | |
| Defendant. | |

This is a putative class action filed in federal court pursuant to the Class Action Fairness Act ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (2005). Plaintiff alleges that Defendant engaged in false advertising of Crest Sensitivity toothpaste, which stated on the packaging, "Relief within minutes." On April 10, 2012, the Court stayed this action while a Multi-District Litigation ("MDL") Panel in Ohio determined whether to consolidate this action with others like it. Before the action was stayed, on March 29, 2012, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction because Plaintiff cannot meet the $5 million amount in controversy threshold required to establish federal jurisdiction under CAFA. See 28 U.S.C. § 1332(d).

On August 24, 2012, the parties informed the Court that the MDL Panel had denied the motion to transfer this case on June 11, 2012, and had sent this case back to this Court for adjudication. Also in the August 24, 2012 letter, the parties addressed Defendant's motion to dismiss. On August 28, 2012, the Court issued an order stating that the Court would decide the motion to dismiss without further briefing or hearing based on the motion and the joint letter. Shortly thereafter, Plaintiff's counsel called the Court and stated that Plaintiff did not agree to have the motion to dismiss decided based only on the motion and the letter. Despite being instructed to

put any objection in writing to be filed with the Court, Plaintiff has not filed any objection to the Court's August 28, 2012 Order.

**Allegations from the complaint**

Plaintiff, who lives in San Francisco, purchased Crest Sensitivity Treatment & Protection toothpaste during the month of September 2011 from a Walgreen's store in San Francisco. Compl. ¶ 6. She purchased the product based on its express and implied claim that it can provide "Relief Within Minutes." Compl. ¶ 6. In purchasing the product, Plaintiff saw and relied on the advertising and labeling for it displayed on the packaging. Compl. ¶ 7. She alleges that the labeling and advertising were false and misleading. Compl. ¶ 7.

Plaintiff alleges that Defendant is the owner, manufacturer, and distributor of the toothpaste and is the company that created the false and misleading advertising. Compl. ¶¶ 9, 15. Plaintiff alleges that Defendant expressly and impliedly warranted that the toothpaste was able to provide "Relief Within Minutes." Compl. ¶ 16. Plaintiff alleges that there is no clinical study that supports the claim that the toothpaste can provide "Relief Within Minutes." Compl. ¶¶ 19, 36.

Plaintiff alleges that based on Defendant's unlawful false advertising, on or about October 28, 2011, the National Advertising Division of the Council of Better Business Bureaus Claims ("NAD") has recommended that Defendant discontinue advertising claims for Crest Sensitivity Treatment & Protection toothpaste that promises "Relief Within Minutes." The NAD noted in its decision that tooth pain affects millions of Americans and advertising claims that promise consumers pain relief within minutes instead of weeks are particularly attractive to the target audience. Compl. ¶ 32. Plaintiff alleges that NAD found that while the advertiser's studies were generally robust and well-designed, the results did not reflect near-immediate pain relief. Compl. ¶ 34.

Plaintiff defined the putative class as:

> All California persons who have purchased the Product [Crest Sensitivity Treatment & Protection toothpaste] for personal use during the period extending from the date Defendant first used the labeling representations on the Product . . . through and to the filing date of the complaint.

Compl. ¶ 48. Plaintiff alleged claims for violation of California Business & Professions Code

2

section 17200, California Business & Professions Code section 17500, California Civil Code section 1750 (Consumer Legal Remedies Act or "CLRA"), breach of express warranty, negligent misrepresentation, and intentional misrepresentation.

**Discussion**

CAFA "vests the district court with 'original jurisdiction' of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [the action] is a class action in which the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir.2006)(quoting 28 U.S.C. § 1332(d)). CAFA expressly requires that the claims of individual members shall be aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). A district court may consider evidence in deciding whether CAFA's $5,000,000 amount-in-controversy requirement has been satisfied. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000–01 (9th Cir.2007). "Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions." S. Rep. No. 109-14 at *43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41.

Generally in purported class actions, the amount in controversy is to be decided from the complaint itself. See Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986) ("The amount in controversy is normally determined from the face of the pleadings."). The calculation of the amount in controversy takes into account claims for "general" damages, "special" damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract. Id. (citations omitted); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir.2005) (stating that the amount-in-controversy requirement may be satisfied by claims of general and specific damages, punitive damages, and attorney's fees (if authorized by statute or contract).). The amount in controversy does not include accruing or accrued interest or the costs of the suit. Id. (citation omitted).

According to Defendant's witness, Defendant began selling the Crest toothpaste at issue in this case in or about February 2011 and discontinued sales of the product on or about December 15, 2011. Legault Decl. ¶ 4. During that time, Defendant sold 644,354 units of the sensitivity toothpaste to its customers, who are retailers who resell to individual consumers. Legault Decl. ¶ 5.

3

1 Also during that time, the total dollar sales to consumers by these retail customers who purchased
2 the Crest sensitivity toothpaste from Defendant in the United States was approximately $1.8 million.
3 Legault Decl. ¶ 6. Defendant argues that even assuming that Plaintiff's damages amount to the total
4 purchase price of the toothpaste, nationwide damages could only amount to $1.8 million, and here,
5 Plaintiff is seeking to certify a statewide class, which would be a fraction of the $1.8 million.
6 Therefore, Defendant argues that Plaintiff cannot meet the $5 million amount in controversy
7 requirement under CAFA, and the Court lacks subject matter jurisdiction.

8 Plaintiff, however, argues in the August 24, 2012 letter that this case is like Rossi v. Proctor
9 & Gamble Co., Case No. 2:11-cv-7238 (JLL) (D. N.J. July 10, 2012), in which the Court denied a
10 motion to dismiss brought on the same grounds as the one in this case. In Rossi, the plaintiff
11 brought a putative class action arising from the same Crest Sensitivity Treatment & Protection
12 toothpaste at issue in this case. As in this case, the plaintiff there alleged that the false labeling on
13 the toothpaste tricked purchasers into paying a premium over comparable products but the product
14 did not provide rapid pain relief. The plaintiff brought a claim under the Magnusan-Moss Warranty
15 Act, and claims for breach of express warranty, breach of implied warranty of merchantability,
16 unjust enrichment and violation of the New Jersey Consumer Fraud Act. The defendant moved to
17 dismiss that action, arguing that the court lacked subject matter jurisdiction because the amount in
18 controversy had not been met and offering evidence from the same declarant, Legault. The court
19 denied the motion to dismiss. The court found that assuming that the plaintiff would seek a full
20 refund of the $6.99 purchase price and accepting the defendant's sales figure of 320,000 as true, the
21 compensatory damages would amount to $4,504,034 (including the sale of inventory sold by the
22 defendant to retailers). Rossi, 2012 U.S. Dist. LEXIS 96015, at *10. The court noted that with the
23 treble damages available under the New Jersey statute, the amount in controversy would exceed
24 $10,000,000. Id. The court also considered the potential of a punitive damages award in
25 determining that the amount in controversy had been met. Id. at 11. Therefore, Plaintiff argues that
26 the Court should deny the motion to dismiss based on Rossi, or risk inconsistent results.

27 Rossi, however, is distinguishable. There, the putative class was nationwide, so the total
28 amount of sales was approximately $1.6 million, whereas here, the compensatory damages would be

4

a subset of $1.8 million. Further, unlike the New Jersey statute at issue in that case, the California CLRA does not contain a mandatory provision for treble damages.

Thus, it appears that the Court may lack subject matter jurisdiction in this case. Accordingly, Plaintiff is hereby ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). Plaintiff's written response to this Order to Show Cause shall be filed no later than October 30, 2012. A show cause hearing is scheduled for November 13, 2012 at 9:00 a.m. in Courtroom E, 15th floor, 450 Golden Gate Avenue, San Francisco, CA. It is further ordered that if Plaintiff fails to file a response to this Order to Show Cause by October 30, 2012, the Court will dismiss this action.

IT IS SO ORDERED.

Dated: October 16, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge